UNITED STATES *v.* ROCHESTER LAST WORKS (No. 2212).[1]

1. ROUGH HEWN.

In paragraph 647, tariff act of 1913, the use of the term "rough hewn" does not mean that the shaping must have been done with such tools as axes and adzes. An article roughly shaped by a lathe satisfies the expression.

2. ROUGH TURNED LAST BLOCKS.

Crude shoe last blocks roughly turned on a lathe are admissible free of duty as "last blocks, * * * rough hewn," under paragraph 647, tariff act of 1913, and are not dutiable as "manufactures of wood" under paragraph 176.

United States Court of Customs Appeals, March 17, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45210.

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.
*Barnes, Chilvers & Halstead* (*Albert MacC. Barnes, jr.,* and *Frank M. Halstead* of counsel) for appellee.

[Oral argument January 23, 1923, by Mr. Lawrence and Mr. Halstead.]

Before MARTIN, Presiding Judge, and SMITH and BARBER, Associate Judges.

MARTIN, Presiding Judge, delivered the opinion of the court:

The importations now in question consist of so-called last blocks, which are roughly shaped blocks of wood bearing a crude resemblance in form to finished shoe lasts. They were manufactured into their present shape by the use of saws and lathes, and not by means of axes or adzes. They are designed to be converted in this country into finished shoe lasts by further processes, and they possess no other commercial use or value.

The collector, acting upon the authority of T. D. 38853, classified the articles for tariff purposes as "manufactures of wood" under paragraph 176, tariff act of 1913, and accordingly assessed them with duty at the rate of 15 per cent ad valorem.

The importers protested against the assessment, claiming free entry for the merchandise under the eo nomine provision for last blocks, contained in paragraph 647 of the same act.

The protest was submitted upon testimony to the Board of General Appraisers, and was sustained. The Government thereupon appealed

The following is a copy of the competing tariff provisions above cited:

176. House or cabinet furniture wholly or in chief value of wood, wholly or partly finished, and manufactures of wood or bark, or of which wood or bark is the component

---

[1] T. D. 39533.

material of chief value, not specially provided for in this section, 15 per centum ad valorem.

(Free list.)

647.  *  *  * hubs for wheels, posts, heading bolts, stave bolts, last blocks, wagon blocks, oar blocks, heading blocks, and all like blocks or sticks, rough hewn, sawed, or bored;  *  *  *.

The sole question in the case is whether the importations are entitled to free entry under the provision last quoted, for otherwise concededly they would be dutiable as assessed.

The Government claims that under the provision aforesaid last blocks are not entitled to free entry unless th y are such as are "rough hewn;" and that the present articles do not respond to that requirement, since they were made by the use of saws and lathes, and not with axes and adzes. The Government contends that the term "hewn," as used in the statute, necessarily requires that the blocks should be brought to their present shape by means of cutting tools such as axes or adzes, and not by the use of machine lathes.

We think, however, that this contention places too narrow an interpretation upon the language of the act. The term in question rightly consists of the two words, "rough hewn." In the corresponding enumeration of the tariff act of 1897 these words were hyphenated as "rough-hewn." (Par. 200.) In the tariff act of 1909, in the same relation, they appeared as a single word "roughhewn." (Par. 206.) It is fair to assume that the term was used with the same signification in the tariff act of 1913. The question therefore arises whether such blocks as these may properly be designated as "rough hewn" when made by the use of lathes rather than axes or adzes. The following definitions bear upon the question:

Webster (1901):

*Roughhew.*—1. To hew coarsely, without smoothing; as to roughhew timber. 2. To give the first form or shape to; to form rudely; to shape approximately and rudely; to roughcast.

Century:

*Roughhew.*—To hew coarsely without smoothing, as timber; hence, to give a rough or crude form to, as if by hewing.

Standard:

*Roughhew.*—To hew or shape roughly or irregularly; often used figuratively.

These definitions indicate that the term "rough hewn" is not restricted in signification to operations in which axes and adzes only are used, and that it may properly be used to describe a condition resulting from the use of other tools as well. The present articles, being brought to their "first form or shape," being shaped "approximately and rudely," being "roughcast," *as if by hewing,* respond under the foregoing authority to the meaning of the statutory expression.

An inspection of the samples in the case confirms this conclusion, for it is manifest that the articles as imported have been brought no nearer to their final estate as finished shoe lasts, because of the employment of turning lathes instead of axes or adzes in their production. This fact serves to distinguish the present case from that of United States *v.* Windmuller et al. (42 Fed. 292), relating to certain gun blocks, the question being whether they were "roughhewn or sawed only." It appeared in that case that the gun blocks, after having been roughhewn and sawed, were also planed on two sides, whereby they undoubtedly were carried a step farther toward completion as fully manufactured articles. That, however, is a factor which does not enter into the present case.

The Government cites the case of Koons *v.* United States (8 Ct. Cust. Appls. 333; T. D. 37608), wherein this court held that a free list enumeration of common blue clay "in cases or casks" did not include similar clay if imported in bulk. This ruling, however, was predicated in chief part upon the fact that under the tariff act of 1897 the board had held that an enumeration of common blue clay "in casks" would include such clay if shipped in bulk; and that afterwards in the corresponding paragraphs of the tariff acts of 1909 and 1913 the enumeration in question was altered so as to read "common blue clay, * * * in cases or casks." The court held it to be manifest that the attention of Congress was directed particularly to the subject of containers when the latter acts were passed. Upon these facts the provisions relating to containers were strictly construed, but the case does not apply as authority in the present matter.

It appears also that in paragraph 404 of the tariff act of 1922, the corresponding provisions in the free list, enumerate "last blocks * * * roughhewn, or rough shaped," and would undoubtedly embrace machine-turned last blocks such as these. But this change of language may signify no more than that Congress simply intended to make the former provisions more definite and certain without change of their import or effect.

We think therefore that the merchandise was entitled to free entry as roughhewn last blocks, and this conclusion makes it unnecessary to discuss the other question of interpretation which is presented in the importers' brief.

The decision of the board is accordingly *affirmed.*